JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Johnny Earl Course

(b) County of Residence of First Listed Plaintiff    Hidalgo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Richard Alamia Attorney at Law
113 S. 10th Ave.
Edinburg, TX. 78539

## DEFENDANTS

Guadalupe "Lupe" Trevino, Sheriff of Hidalgo county, County of Hidalgo, city of mission, martin garza former police chief mission

County of Residence of First Listed Defendant    Hidalgo
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Preston Henrickson County of Hidalgo

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Civil rights Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE                                           DOCKET NUMBER

DATE: 09/18/2013

SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard A.

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Case 7:13-cv-00602 Document 1 Filed in TXSD on 11/05/13 Page 1 of 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHNNY EARL COURSE, | * | CIVIL ACTION NO. |
| PLAINTIFF | * | |
| V. | * | |
| GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, THE COUNTY OF HIDALGO CITY OF MISSION, FORMER POLICE CHIEF MARTIN GARZA, DEFENDANTS | * * * * | JURY DEMAND |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JOHNNY EARL COURSE, hereinafter called Plaintiff, complaining of and about GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, COUNTY OF HIDALGO, CITY OF MISSION and FORMER POLICE CHIEF MARTIN GARZA, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## **PARTIES AND SERVICE**

Plaintiff JOHNNY EARL COURSE was an individual visiting Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern District Court for the Southern District of Texas, McAllen, Division.

Defendant Guadalupe "Lupe" Trevino, Sheriff of Hidalgo county, Texas, an individual who is a resident of Texas, may be served with process at his office at the following address: 711 E. El Cibolo Rd., Edinburg, TX, 78542.

Defendant County of Hidalgo, a local governmental entity, may be served with process by serving County Judge Ramon Garcia of said local governmental entity, at 302 W. University, Edinburg, TX, 78539.

Defendant City of Mission, Texas a municipal corporation, may be served with process by serving its mayor of said municipal corporation, Norberto Salinas, at 1201 E. 8th St., Mission, TX, 78572.

Defendant Former Police Chief of Mission Martine Garza may be served with process 1201 E. 8th St., Mission, TX, 78572

## JURISDICTION AND VENUE

The subject matter in controversy raises a question of federal law and is within the jurisdiction of this court pursuant to the provisions of 28 USC 1331 and 1343 and Plaintiff is seeking recovery of damages in excess of $75,000.00. This Court has jurisdiction over the parties because Defendants reside within the area of Texas served by the McAllen Division, Southern District of Texas.

## FACTS

On November 11th, 2011 JOHNNY EARL COURSE was in his hotel room in Pharr, Texas, when members of the Panama Unit knocked on his door seeking to find drugs which they thought to be in the possession of Course. Jonathan Trevino and others, illegally searched Course' hotel room and it wasn't until they threatened his life, that Johnny Course took them to another room within the hotel where the marijuana was. They arrested Johnny Course and took him to the City of Mission Jail. Because of his arrest Mr. Course plead guilty in the 92nd Judicial District Court and was given probation.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. 1983 by Plaintiff against Defendants.)

Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and

Case 7:13-cv-00602 Document 1 Filed in TXSD on 11/05/13 Page 3 of 17

immunities secured by the Constitution and laws of the United States, including those enumerated in and secured by the Fourth Amendment to the Constitution, by subjecting Plaintiff to an unlawful search, seizure, unlawful arrest, imprisonment, to a unjustified criminal prosecution, in violation also of his Fourteenth Amendment rights.

In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of the Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, in particular, the forging of consent to search the property of Plaintiff. An award of punitive damages against each individual defendant should be made in an amount adequate to punish the wrongdoers and deter future misconduct.

As further damage, Plaintiff has incurred and will continue to incur attorney's fees, and pursuant to 42 U.S.C. 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. 1983.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. 1983)

Defendants knowingly and with gross negligence, maintain, permit and ratify policies and customs which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the constitutional rights of citizens.

Both the City of Mission and the County of Hidalgo continued the employment of the Jonathan Trevino and the rest of the Panama Unit and allowed little to no supervision of these officers in spite of the fact that these officers had prior citizen complaints for misconduct. (See Attached). Both the Hidalgo County Sheriff and the Former Police Chief of Mission allowed the rampant corruption, as well as participated in the corruption within the department allowing officer in the Panama Unit to submit forged consent to search forms to the court in order to obtain purported

Case 7:13-cv-00602 Document 1 Filed in TXSD on 11/05/13 Page 4 of 17

legal permission to search.

The widespread corruption in the Panama Unit includes mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, forging consent to search forms, and commission of perjury.

The pervasive and rampant misconduct engaged by the Panama Unit, are evidence of the County of Hidalgo and the City of Mission's deliberate indifference to the constitutional rights of the citizens of Hidalgo County, as well as evidence of policies and practices that allow for the violations of the fourth and Fourteenth Amendments, as alleged herein.

The City of Mission and the County of Hidalgo's deliberate indifference in the training of its law enforcement officers related to the use of reasonable force and lawful seizures, as well as the deliberate indifference by the police department's hierarchy to the safety of its citizens or the adherence to the Constitution's protection of individuals rights, are the moving force behind the misconduct engaged by the officers as alleged herein. The widespread corruption and misconduct of the Panama Unit are all factors leading to the violation of Plaintiff's constitutional rights.

Further, the City of Mission and County of Hidalgo's ratification of police misconduct, along with its failure to conduct adequate investigations of misconduct, led to the violations of the Plaintiff's constitutional rights.

Due to the conduct of the Defendants, and each of them, Plaintiff has incurred and will continue to incur attorney's fees, and are entitled to recovery of said fees pursuant to 42 U.S.C. 1988.

## THIRD CAUSE OF ACTION

### (Unlawful Arrest and Imprisonment by Plaintiff)

Defendants acting within the scope of their duties as police officers with the City of Mission and

Case 7:13-cv-00602   Document 1   Filed in TXSD on 11/05/13   Page 5 of 17

with the County of Hidalgo cause the unlawful arrest, imprisonment and prosecution of Plaintiff based upon lies and forging of documents.

Defendants Martin Garza and Sheriff Guadalupe Trevino as supervisors, owed a duty to the public to properly train and supervise the police officers under their command. They both failed to provide adequate training, supervision and guidance to the officers, all leading to the unlawful arrest, imprisonment and prosecution of Plaintiff.

Defendants owed Plaintiff a duty to conduct themselves reasonably and honestly and not to forge documents to obtain the purported legal search of the Plaintiff's home, leading ultimately to the unlawful arrest of Plaintiff. As a further direct result of the acts, omissions, and conduct of Defendants, Plaintiff has been injured and damages, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Unlawful arrest/Detention)

The Panama Unit acting within the scope of their duties as police officers with the City of Mission and the County of Hidalgo cause the unlawful arrest/detention and imprisonment of Plaintiff.

The Sheriff of Hidalgo County and Former Police Chief of the City of Mission as supervisors should have supervised the police officers under their command. They both failed to provide adequate training, supervision and guidance to the officers, all leading to the unlawful arrest/detention and imprisonment of Plaintiff. As a further direct result of the acts, omissions, and conduct of Defendants, Plaintiff has been injured and damages, in the amount according to proof.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

Defendants acting within the scope of their duties as police officers with the City of Mission and the County of Hidalgo, intentionally engaged in conduct as described above toward Plaintiff that caused Plaintiff emotional distress. The conduct of Defendants, and each of them, is outrageous and intolerable, in that the Defendants threatened Plaintiff's life, if he did not show them where the drugs were at.

As a further direct result of the acts, omissions, and conduct of Defendants, Plaintiff has been injured and damages, in an amount according to proof.

In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard of Plaintiff's well-being. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious. An award of punitive damages against each individual defendant should be made in an amount adequate to punish the wrongdoers and deter future misconduct.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive damages against the individual officers, in an amount according to proof;
4. For reasonable attorneys' fees and costs where applicable.
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Case 7:13-cv-00602   Document 1   Filed in TXSD on 11/05/13   Page 7 of 17

/s/Richard Alamia
Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774

## DEMAND FOR A TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

                              Respectfully Submitted,

                              /s/Richard Alamia
                              Richard Alamia
                              113 S. 10th Ave
                              Edinburg, TX, 78539
                              956-381-5766
                              956-381-5774



**COUNTY SHERIFF'S OFFI**
**SHERIFF GUADALUPE "LUPE" TREVINO**

MEMORANDUM

To: All Command Staff & Affected Personnel
From: Sheriff Guadalupe "Lupe" Treviño
Date: April 15, 2011
RE: Reassignments

Sergeant Roy Mendez will be transferred from Law Enforcement Bureau/ CID Division to Mission Street Level Drug Task Force effective Monday, April 18, 2011.

Deputy Salvador Arguello will be transferred from Law Enforcement Bureau/ Tactical Patrol Unit to Mission Street Level Drug Task Force effective Monday, April 18, 2011. All Tactical Patrol Unit equipment will transfer.

The Mission Street Level Drug Task Force will directly answer to the Sheriff.

Case 7:13-cv-00602 Document 1 Filed in TXSD on 11/05/13 Page 10 of 17

# Documents: Panama Unit answered directly to Sheriff Treviño

Other Panama Unit members included Deputy Claudio A. Mata, who had been disciplined several times for poor conduct. Mata couldn't be reached for comment at addresses listed on his driver's license and voter ID card.

In May 2006, a woman filed a report with the Edinburg Police Department, alleging Claudio Mata pointed a handgun at her and made repeated calls to her phone. The woman later decided not to press charges.

The same day, a man filed a report with the McAllen Police Department, alleging Mata assaulted him.

The Sheriff's Office investigated both incidents and ordered a five-day unpaid suspension, a mandatory domestic violence awareness class, eight hours of community service at Mujeres Unidas and three months of probation.

In March 2010, the Sheriff's Office disciplined Mata again, this time for causing trouble at a McAllen nightclub. Mata showed his badge and threatened to have someone ejected from the club, and later kicked the man's truck, according to Sheriff's Office records.

And after the July 26 incident in Pharr, the Sheriff's Office suspended Mata without pay and reassigned him to patrol duty.

"You had also seized a blue bag containing jewelry, but you failed to include the jewelry on the inventory list of seized property," according to Sheriff's Office records. "And you failed to transfer custody of the jewelry to the investigator in charge for safekeeping."

The Panama Unit's supervisor, Sgt. Roy Mendez, also had past disciplinary action, according to his personnel file. Mendez didn't respond to messages left at the Sheriff's Office and with his brother.

In September 2005, Mendez accepted a voluntary demotion to investigator after unspecified "officer misconduct." No further details are included in Mendez's personnel file, and Sheriff Treviño wouldn't say what prompted Mendez's demotion to investigator.

Mendez eventually received another promotion to sergeant.

**POOR SUPERVISION**

Assigned the radio call sign "P" the special narcotics squad became commonly known as the Panama Unit. Privately, some Mission policemen called it the "Primo Unit."

The Panama Unit had a Sheriff's Office sergeant, who supervised day-to-day operations. And Jonathan Treviño reported to the Mission Police Department's investigations supervisor, who also managed lawmen assigned to federal task forces.

Who ultimately oversaw the unit's operations wasn't clear.

Both retired Mission Chief Longoria and former Mission Chief Garza said the Sheriff's Office supervised the Panama Unit.

"Operationally, the Panama Unit — since its inception — has always been supervised by a sheriff's sergeant," Garza said, and the sergeant reported to the Sheriff's Office.

Typically, the agency that assigns a supervisor to a task force provides oversight. An April 2011 memo assigning two Sheriff's Office employees to the Panama Unit appears to follow that practice.

"The Mission Street Level Drug Task Force will directly answer to the Sheriff," according to the memo, obtained through a public information request.

Asked about the memo, Sheriff Treviño said the Panama Unit was loaned to the Mission Police Department, which ultimately supervised day-to-day operations. The memo, Sheriff Treviño said, only applied to administrative matters.

"If you notice, their offices, their desks, everything was at the Mission Police Department," Sheriff Treviño said.

Almost all the Panama Unit's cases went through Mission, along with law enforcement paperwork, including operational plans and search warrants. While the narcotics squad had a Sheriff's Office sergeant, who was charged with making sure deputies followed county regulations, the unit reported directly to the Mission chief, Sheriff Treviño said.

"Believe me, I'm not trying to wash my hands of anything. I have accepted responsibility for what happened as far as my men that have been arrested," Sheriff Treviño said.

**SUPERVISION**

In theory, multi-agency task forces bring police, federal agents and other law enforcement officers together to crack tough cases that cross jurisdictions. Effectiveness, though, often depends on solid management.

"I never was much of a task force person because of the lack of supervision," said former Hidalgo Police Chief Vernon Rosser.

Hidalgo assigned an investigator to the regional Immigration and Customs Enforcement task force, angling for a larger share of forfeiture funds, but generally avoided the practice. Officers

often self-report hours and their investigative work, Rosser said, leaving the department a thin paper trail.

"You have to take their word for it (that) they're even working," Rosser said.

In McAllen, the Police Department carefully selects recruits to prevent corruption later, said Chief Victor Rodriguez. McAllen conducts background checks, polygraph exams and interviews with all applicants before hiring new officers, who must pass random drug tests throughout their careers.

"Hiring is step one, and one of the more important steps," Rodriguez said. "Step two is supervision."

Everyone who works for the McAllen Police Department, including investigators assigned to task forces, report to an in-house supervisor, Rodriguez said.

"We don't have our people farmed out, so to speak," Rodriguez said.

Corruption can't be completely eliminated, Rodriguez said, and law enforcement will always have bad apples. Careful selection and supervision, though, helps reduce the potential for improper conduct.

"You can't wait for smoke to turn into fire to do something," Rodriguez said. "If you see it, sense it or feel it, you need to get out in front of it."

http://www.themonitor.com/news/local/article_918338d8-83bd-11e2-bc90-001a4bcf6878.html

Case 7:13-cv-00602 Document 1 Filed in TXSD on 11/05/13 Page 13 of 17

iDocket.com — Your gateway to court case information

Home | Site Map | Log Out

Search | Case History | Parties | Attorneys | Links | Services

[All]

Check out our new affordable subscription plans at **iDocket.com**

[View Case Track™]   [Start Case Track™]

Criminal Docket; Case CR-4578-11-A 440569; POSS MARIJ >50LBS<=2,000LBS
THE STATE OF TEXAS vs COURSE, JOHNNY EARL
Filed 10/27/2011 - Disposition: 12/05/2011 Conviction-guilty plea or nolo cont-no jury
92nd District Court, District Clerk, Hidalgo County, Texas
Bondsman: REYES BAIL BOND

[Help]

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 10/27/2011 | Automatic File Date Event | | TXT | |
| 10/31/2011 | Indictment INDICTED BY THE 92ND GRAND JURY ON 10/27/2011, MS | | " | |
| 11/02/2011 | ARRAIGNMENT NOTICE ISSUED TO DEFENDANT BY C/M TO REYES BB BY R/M -*MV | | " | |
| 11/17/2011 | CASE CALLED ANDREW ALMAGUER, GRACIE REYNA FOR SOT, DAVID CASTILLO FOR DEF & DEFENDANT PRESENT: DEF EXECUTED WAIV | | " | |
| | WAIVER OF ARRAIGNMENT SIGNED BY JUDGE RPR:/EB | | " | |
| 11/18/2011 | Motion TO SUPPRESS, FILED -*MV | | " | |
| 11/30/2011 | Motion FOR DISCOVERY OF THE ARREST AND CONVCITION RECORDS OF STATE'S WITNESSES, FILED -*MV | | " | |
| | REQUEST DEFENDANT'S REQUEST FOR NOTICE OF STATE'S INTENTION TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS OR | | " | |
| | Motion FOR WITNESS LIST, FILED -*MV | | " | |
| | Motion FOR DISCOVERY OF EXCULPATORY AND MITIGATING EVIDENCE, FILED -*MV | | " | |
| | Motion FOR DISCOVERY AND INSPECTION, FILED -* MV | | " | |
| | Motion FOR PRIDUCTION OF EVIDENCE FAVORABLE TO THE ACCUSED, FILED -*MV | | " | |

| | | | | |
|---|---|---|---|---|
| | Motion TO REQUIRE STATE TO REVEAL AGREEMENT. FILED - *MV | | " | |
| | Motion TO DISCOVER CRIMINAL RECORDS OF WITNESSES. FILED -*MV | | " | |
| | Motion TO REQUIRE DISCLOSURE OF ALL INFORMERS RELIED UPON AND FOR PRODUCTION OF SAID INFORMERS IN OPEN COUR | | " | |
| 12/01/2011 | CASE CALLED GRACIE REYNA FOR SOT, RICHARD ALAMIA FOR DEF & DEFENDANT PRESENT; MTN TO SUPPRESS SET FOR 12/5/2011 | | " | |
| | APPLICATION FOR SUBPEONA FILED. (HAND DELIVRED TO: SARI) | | " | |
| 12/05/2011 | Automatic Disposition Date Event | | " | |
| | FINE | | A+ | 2000.00 |
| | PROBATION | | TXT | |
| | CASE CALLED ANDREW ALMAGUER, GRACIE REYNA FOR SOT, RICHARD ALAMIA FOR DEF & DEFENDANT PRESENT, DEFENDANT, SWORN, | | " | |
| | CLERK | | A+ | 40.00 |
| | JUDGMENT OF CONVICTION BY COURT; COMMUNITY SUPERVISION SIGNED SIGNED BY JUDGE RPR;/EB | | TXT | |
| | Records Management & Preservation | | A+ | 22.50 |
| | CHS | | " | 5.00 |
| | Consolidated Court Cost | | " | 133.00 |
| | HCSO | | " | 35.00 |
| | RMP-DC | | " | 2.50 |
| | JSF | | " | 4.00 |
| | SJFS | | " | 5.40 |
| | SJFC | | " | .60 |
| | DDCF | | " | 60.00 |
| | JURY | | " | 20.00 |
| | IDR | | " | 2.00 |
| | CRRP.D | | " | 4.00 |
| | Defendant Making Payments | | " | 25.00 |
| 12/06/2011 | AS | | " | 4.00 |
| | Corr Initial | | A- | -2.00 |
| | Corr Initial | | " | -2.00 |
| 12/07/2011 | Payment | 668107 | " | -2002.00 |
| 12/13/2011 | RETURN RECEIPT RECEIVED RETURNED NOT SERVED. FILED. | | TXT | |
| 12/14/2011 | OFFENSE REPORT | | " | |
| 12/15/2011 | TRAVEL PERMIT REQUEST FILED -*MV | | " | |

| | | | | |
|---|---|---|---|---|
| | Motion to Modify PROBATION JUDGMENT FILED -*MV | | '' | |
| | TRAVEL PERMIT REQUEST SIGNED BY JUDGE RPR; APPROVED;/EB | | '' | |
| | ORDER MODIFYING PROBATION JUDGMENT, SIGNED SIGNED BY JUDGE RPR;/EB | | '' | |
| 06/29/2012 | ABSTRACT OF UNAPPEALED CONVICTION FOR A FELONY CRIME | | '' | |

Search | Case History | Parties | Attorneys | Links | Services            [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: nck2188
Viewed as of September 16, 2013, time: 11:20:39



Criminal Docket; Case CR-4578-11-A 448480;
THE STATE OF TEXAS vs COURSE, JOHNNY EARL
Filed 03/09/2012 - Disposition:
92nd District Court, District Clerk, Hidalgo County, Texas

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 03/09/2012 | Automatic File Date Event | | TXT | |
| | STATE'S MOTION TO REVOKE COMMUNITY SUPERVISION STATE'S MOTION TO REVOKE "POST CONVICTION" COMMUNITY SUPERVISION, FILED. | | " | |
| 03/16/2012 | ORDER - SIGNED TO ISSUE CAPIAS FOR ARREST UPON STATE'S MOTION TO REVOKE POST-CONVICTION COMMUNITY SUPERVISION, SIGN | | " | |
| 06/05/2012 | Motion MOTION FOR FORFEITURE AND FOR DESTRUCTION OF CONTROLLED SUBSTANCE PLANT OR PROPERTY, FILED. | | " | |
| 06/15/2012 | ORDER - SIGNED ORDER OF FORFEITURE AND FOR DESTRUCTION OF CONTROLLED SUBSTANCE PLANT OR PROPERTY, SIGNED BY JUDGE M | | " | |
| 07/20/2012 | Other STATEMENT OF DESTRUCTION OF CONTROLLED SUBSTANCE PLANT OR PROPERTY, FILED. - *MV | | " | |
| 08/26/2013 | Motion DEFENDANT'S MOTION FOR SPEEDY TRIAL UNDER THE INTERSTATE AGREEMTN ON DETAINERS OR ALTERNATIVE MOTION | | " | |

Search | Case History | Parties | Attorneys | Links | Services          [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: rick2188
Viewed as of September 16, 2013, time: 11:21:15